## LEOPOLD GOLDSTEIN *vs.* EDMUND FOULKES.

Honest though mistaken belief on the part of the prosecutor in the truth of a
charge laid in a criminal complaint is evidence of probable cause in an action
against him for malicious prosecution.

Hence, where in an action for malicious prosecution it appeared that the defend-
ant, who had prosecuted the plaintiff on a criminal complaint for changing a
stone in a pin left with him to be repaired, honestly believed that the plaintiff
had changed the stone, and the defendant had, from his point of view, reason-
able grounds for such belief, because he had no knowledge of any previous
change, and the plaintiff himself, an expert, could not detect the spuriousness
of the stone under an artificial light with a magnifying glass, such facts being
undisputed constitute a defence to the action, and a verdict for the plaintiff
should be set aside, as against the evidence.

DEFENDANT'S petition for a new trial.

*November* 22, 1895.   PER CURIAM.   In an action for ma-
licious prosecution, probable cause does not depend upon the
actual state of the case, in point of fact, but upon the honest
and reasonable belief of the party prosecuting.   2 Greenl. on
Ev. 13th ed. § 455.   If the prosecutor has an honest, though,
mistaken, belief in the truth of the charge laid in a criminal
complaint, it is evidence of probable cause.   *King* v. *Colvin*,
11 R. I. 582.

In the present case, we think it is apparent from the testi-
mony that the defendant honestly believed that the plaintiff
had changed the center stone in the pin left with him to be
repaired ;  that his conduct was consistent with such belief
and that from his point of view it was upon reasonable
grounds, because he had not known of any change in the
stone before that time.   The jury must have found that he
was mistaken in stating that there had been no previous
change ;  but it does not follow that he could not reasonably
have believed this to be the fact, although he claimed to be
an expert in diamonds, since the plaintiff himself, also an
expert, testified that he did not and could not detect the
spuriousness of the stone under an artificial light with a
magnifying glass.

The defendant stated the facts in full, as testified to by
him in the trial of the complaint, to an attorney at law of

this State, and was advised that he had a good cause for prosecution. There being no substantial denial of these facts, which are sufficient to constitute a defence to an action for malicious prosecution, the court is of the opinion that the verdict is against the evidence in this respect.

New trial granted.

*Albert B. Crafts & George R. McLeod,* for plaintiff.

*Frederic C. Olney & Charles H. Page,* for defendant.